**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,** CASE NO. 3:22 CR 122

Plaintiff,

v. JUDGE JAMES R. KNEPP II

**OLUWAFEMI MICHAEL AWOYEMI,**

Defendant. **ORDER**

Currently pending before the Court is Defendant Oluwafemi Michael Awoyemi's Renewed Motion for Judgment of Acquittal Pursuant to Federal Criminal Rule 29(c) and Motion for New Trial Pursuant to Federal Criminal Rule 33. (Doc. 555). The Government opposes. (Doc. 557).

Motion for Judgment of Acquittal (Rule 29)

Awoyemi moves for a judgment of acquittal on Counts One and Two of the Third Superseding Indictment, contending the Government presented insufficient evidence to establish he (1) knew of the conspiracy and its objectives, aims, or goals, and (2) voluntarily joined the conspiracy with the intent to further said conspiracy.[1] *See* Doc. 555, at 2-7.

If the defendant moves for a judgment of acquittal after the government concludes its case, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The relevant inquiry is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found

1. The jury found Awoyemi guilty on Count One of the Third Superseding Indictment, which charged conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and on Count Two, which charged money laundering conspiracy in violation of 18 U.S.C. § 1956(h). *See* Docs. 114, 544.

the essential elements of the crime beyond a reasonable doubt.'" *United States v. Fisher*, 648 F.3d 442, 450 (6th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 3190 (1979)). "Under the *Jackson v. Virginia* standard, a reviewing court does 'not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury.'" *Id*. (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). "Substantial and competent circumstantial evidence by itself may support a verdict and need not remove every reasonable hypothesis except that of guilt." *Id.* (quoting *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004)).

Upon review, the Court agrees with the Government that there was sufficient evidence to demonstrate Awoyemi knew of the wire fraud and money laundering conspiracy's main purpose and voluntarily joined those conspiracies in order to further them. For the reasons stated by the Government, *see* Doc. 557, at 1-2, and by the Court when overruling Awoyemi's Rule 29((a) and (b) Motions at trial, the Court denies Awoyemi's Rule 29(c) Motion for Judgment of Acquittal.

<u>Motion for New Trial (Rule 33)</u>

Awoyemi argues for new trial based on alleged evidentiary errors: the admission of recorded telephone calls and passport photographs without sufficient authentication. (Doc. 555, at 8-12).

Federal Criminal Rule 33 gives a court discretion to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Motions for a new trial are not favored and are granted only with great caution." *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976) (citing *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967)). A motion for a new trial involves a more generous standard of review than a motion for acquittal under Rule 29. *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979), *aff'd*, 633 F.2d 219 (6th Cir. 1980). "[I]t is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial

where substantial legal error has occurred." *United States v. Munoz,* 605 F.3d 359, 373 (6th Cir. 2010). Substantial legal error includes "any error of sufficient magnitude to require reversal on appeal." *United States v. Dimora*, 879 F. Supp. 2d 718, 724 (N.D. Ohio 2012) (citation omitted).[2]

Awoyemi contends the Court improperly admitted recorded phone calls with financial institutions and copies of passports, and that such errors deprived him of a fair trial.

Federal Rule of Evidence 901(a) provides that to authenticate or identify an item of evidence "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Subsection (b) of the Rule then provides "*examples only* – not a complete list – of evidence that satisfies the requirement, including:

> (5) **Opinion About a Voice**. An opinion identifying a person's voice – whether heard firsthand or through mechanical or electronic transmission or recording – based on hearing the voice at any time under circumstances that connect it with the alleged speaker.

Fed. R. Evid. 901(b)(5) (emphasis added). Although Plaintiff implies that this is the only way to authenticate such voice-related evidence, the examples are illustrative rather than comprehensive. And as the Government points out (Doc. 557, at 4), subsection (b)(4) provides that evidence may be authenticated by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4)); *see also* Fed. R. Evid. 901 advisory committee's note to 1972 proposed rules ("The characteristics of the offered item itself, considered in the light of circumstances, afford authentication techniques

---

2. "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the jury's verdict was against the manifest weight of the evidence," though the evidence may be legally sufficient for a finding of guilt. *Munoz,* 605 F.3d at 373 (citation modified); *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007). Awoyemi argues only that substantial legal errors deprived him of a fair trial and require a new trial.

in great variety. Thus a document or telephone conversation may be shown to have emanated from a particular person by virtue of its disclosing knowledge of facts known peculiarly to him.”).

Again, upon review, the Court finds that for the reasons stated by the Government in opposition and for the reasons the Court stated at trial, both the bank call recordings and the passport copies were admissible. There was “evidence sufficient to support a finding that the item is what the proponent claims it is.” Fed. R. Evid. 901(a); *see also Ricketts v. City of Hartford,* 74 F.3d 1397, 1410-11 (2d Cir. 1996), (because Rule 901(b)(5) is only illustrative of one way to authenticate a person’s voice, it was improper to exclude from evidence a tape recording that could be authenticated by the jury from listening to the testimony [or here, recorded interview] of the person whose voice was allegedly on the tape); *see also United States v. Puttick*, 288 F. App’x 242, 248 (6th Cir. 2008) (“It is permissible for the judge to make a preliminary determination as to authentication, admit the evidence conditionally under Rule 104(b), and then allow the jurors to be the final arbiters of whether it was actually authenticated.”). And the Court instructed the jury that they were the sole judge of the facts in the case.

Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Awoyemi’s Renewed Motion for Judgment of Acquittal Pursuant to Federal Criminal Rule 29(c) and Motion for New Trial Pursuant to Federal Criminal Rule 33 (Doc. 555) be, and the same hereby are, DENIED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2026